MARK BRNOVICH
ATTORNEY GENERAL

CLAUDIA ACOSTA COLLINGS (021647)
Assistant Attorney General
177 North Church Avenue, Suite 1105
Tucson, Arizona 85701-1114
(520) 638-2815 • Fax (520) 628-6050
Claudia.Collings@azag.gov

Attorneys for Rosette Codner

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ELIZABETH WILLIAMS, an unmarried woman<br><br>Plaintiff,<br><br>v.<br><br>LEVI KHAN, an Arizona Resident Individually and in his Official Capacity as a DCS caseworker; ROSETTE CODNER, an Arizona Resident; ERIKA CAMPAS, an Arizona Resident; GARY ROSEBECK, an Arizona Resident; JAMES DAVIS, an Arizona Resident; the CITY OF TUCSON, a state municipality; and, John and Jane Does 1-100,<br><br>Defendants. | No. CV-17-00029-TUC-JAS<br><br>**MOTION TO DISMISS DEFENDANT CODNER** |

Defendant Rosette Codner requests dismissal of Plaintiff Williams' Complaint against her. The sole claim against Codner is under Count IV, conspiracy claim under 42 U.S.C. § 1985. But the Complaint fails to state a cognizable claim under § 1985. This defect cannot be cured by amendment, and the Court should dismiss Codner with prejudice.

The factual and legal authority for dismissal is set forth in greater detail below.

## I. Brief Factual and Procedural Background.

Defendant Rosette Codner is a state employee working for the Arizona Department of Child Safety (DCS). (Dkt. 1-3, ¶ 6.) She supervised Defendant Levi Khan, DCS Specialist 2, when Williams' DCS case transferred from investigations to ongoing on January 20, 2015. (Dkt. 1-3, ¶ 7.) She had no affirmative involvement with Williams' DCS case until it was assigned to her ongoing unit on January 20, 2015 (dkt. 1-3, ¶ 58.), almost one month after Williams' allegations of an illegal search on December 23, 2014 (dkt. 1-3, ¶ 55), when DCS temporary removed her children from her custody. (Dkt. 1-3, ¶ 58.)

On December 16, 2016, Williams filed her four-count Complaint in Arizona Superior in Pima County. (Dkt. 1-3.) She alleges that during the course of DCS's investigation of her children's welfare on December 23, 2014, Defendants Campas, Rosebeck, and Davis conducted an illegal search.[1] (Dkt. 1-3, ¶ 10.) Williams claims in Count One violations of her Fourth Amendment right to be free from illegal searches and seizures; in Count Two violations of her Fourth Amendment Rights against the City of Tucson; in Count Three violations of her due process rights against Defendant Khan; and in Count Four a conspiracy claim under 42 U.S.C. § 1985 against Defendants Codner, Campas, Rosebeck, and Davis. (Dkt. 1-3, ¶ 98.) She seeks an unspecified sum for compensatory and punitive damages, declaratory and injunctive relief, and interest, costs, and fees.

The City Defendants removed this case to federal court.

/ / /

/ / /

---

[1] Defendant Campas, a former DCS employee, has not been served. Defendants Rosebeck, Davis, and the City of Tucson have answered and are represented by Principal Assistant City Attorney Michelle Saavedra. Defendant Khan, a former DCS employee is represented by attorney Russell B. Stowers.

**II. Standard for Dismissal.**

Williams' claims against Codner should be dismissed with prejudice. Dismissal is the proper remedy when the facts alleged in a complaint fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The factual allegations must state a claim for relief that is plausible on its face. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should be read in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires a "showing" that plaintiff is entitled to relief "rather than a blanket assertion of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Dismissal is appropriate when there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

**III. Plaintiff's Conspiracy Claim against Codner Should Be Dismissed.**

Williams fails to state a claim upon which relief can be granted because she fails to allege that she was discriminated against based on her membership of a particular race or suspect class. Her § 1985 conspiracy claim in Count IV, her sole claim against Codner, is therefore barred and should be dismissed with prejudice.

Williams' complaint contains an allegation of a conspiracy to deprive her of her constitutional rights in violation of 42 U.S.C. § 1985. (Dkt. 1-3, ¶ 98.) Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under Section 1985, a plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. *Gillispie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971).

Thus, a claim brought under § 1985 requires a direct or indirect purpose to deprive any persons of the equal protection of the laws, or the equal privileges or immunities under the laws and a class race-based animus. *Griffin*, 403 U.S. at 102, 91 S. Ct. 1798 ("The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all."); *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (en banc). This Circuit requires "either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) (holding that a plaintiff must also demonstrate a deprivation of a right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.") The "plaintiff must be a member of the class discriminated against." *RK Ventures, Inc.*, 307 F.3d at 1056. This rule operates against a background rule that "42 U.S.C. § 1985(3) is not to be construed as a general federal tort law." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1518–19 (9th Cir. 1987).

Further, causation is an element in a conspiracy claim; to be actionable, the conspiracy must result in overt acts, done in furtherance of the conspiracy, that are both the cause in fact and proximate cause of plaintiffs' injuries. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). "A mere allegation of conspiracy without factual specificity is insufficient to support a claim." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990) (citing *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988)).

Here, Williams alleges that on December 23, 2014, Codner asked Campas to go to Williams' home to find a reason to remove her children from her home. (Dkt. 1-3, ¶ 37, 55.) She alleges what Codner "knew" before Campas went to Williams' home. (*Id.*, ¶ 38.) Then she claims that Codner, Campas, Rosebeck, and/or Davis conspired to deprive Williams of her rights under the Constitution and that she was harmed as a result. (*Id.*, Count IV, ¶¶ 97-99.)

The Complaint fails to allege any discriminatory animus; that is, it fails to allege that Williams was discriminated against because of any protected class or status. Nor has she alleged that she is a member of a protected class discriminated against. Moreover, she has not alleged with specificity causation or how she was harmed. Indeed, the Complaint is devoid of many important facts, including her extensive DCS history, prior drug use, and outcome of her criminal prosecution that precipitated this matter. Any conspiracy claim under Section 1985 should therefore be dismissed.

A district court generally should allow a plaintiff to amend the pleadings when a § 1985 claim is insufficiently pled. *See Gillespie*, 629 F.2d at 641. In this case, however, Williams cannot amend the complaint to cure the § 1985 defect, because to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989);_*Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004). She has not made a cognizable § 1983 claim under any other count against Codner. As previously stated, the sole claim in Williams' Complaint against Codner is a § 1985 conspiracy claim under Count IV. (Dkt. 1-3, ¶ 98.) Because Williams has failed to make a cognizable § 1983 claim against Codner and because she has failed to state a § 1985 conspiracy claim against Codner, this Court should dismiss this claim and Codner from this action.

/ / /

/ / /

## VII. Conclusion.

Because Plaintiff Williams has failed to state a §1985 conspiracy claim against Defendant Codner, this claim should be dismissed without leave to amend.

RESPECTFULLY SUBMITTED this 30th day of January, 2017.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

s/Claudia Acosta Collings
CLAUDIA ACOSTA COLLINGS
Assistant Attorney General
Attorneys for Rosette Codner

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2017, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephen M. Weeks
WEEKS LAW FIRM, PLLC
3839 East Marshall Gulch Place
Tucson, AZ 85718
*Attorney for Plaintiff*

Patrick E. Broom
Adam Pelz
RUSSO RUSSO & SLANIA, P.C.
6700 North Oracle Road, Suite 100
Tucson, AZ 85704
*Co-counsel for Plaintiff*

Russell B. Stowers
RUSSELL B. STOWERS, PLLC
3573 E. Sunrise Drive, Suite 215
Tucson, AZ 85718
*Attorney for Defendant Levi Khan*

Michelle R. Saavedra
Principal Assistant City Attorney for
Michael G. Rankin
CITY ATTORNEY
P.O. Box 27210
Tucson, AZ 85726-7210
*Attorneys for City of Tucson, Rosebeck, and Davis*

s/A. Kentla
5582412