1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Williams,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Levi Khan, et al.,<br><br>　　　　Defendants. | No. CV-17-00029-TUC-BPV<br><br>**ORDER** |

Pending before the Court are: (1) Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 51); (2) Plaintiff's Motion to Compel Discovery (Doc. 53); and (3) Non-Party Arizona Department of Child Safety's Motion to Quash or Modify Subpoena (Doc. 57). The motions are fully briefed.

**I.　Factual and Procedural Background**

This action arises from the removal of Plaintiff's children from Plaintiff's home by the Arizona Department of Child Safety (DCS). Plaintiff alleges that the children were removed after DCS employee Defendant Erika Campas, assisted by Defendant Tucson Police Department Officers Gary Rosebeck and James Davis, conducted a welfare check at Plaintiff's home and discovered marijuana plants in the home. Plaintiff also alleges that DCS employee Defendant Levi Khan sexually assaulted her. Plaintiff alleges the following counts against Defendants Campas, Rosebeck, and Davis: illegal search and seizure in violation of Fourth Amendment rights under 42 U.S.C. § 1983 and civil conspiracy to violate civil rights under 42 U.S.C. § 1985. With regard to Defendant

Kahn, Plaintiff alleges violation of constitutional due process rights under 42 U.S.C. § 1983.[1] Plaintiff also alleges illegal search and seizure policy engaged in by "DCS, Tucson and/or the State of Arizona" in violation of the Fourth Amendment under 42 U.S.C. § 1983. (Doc. 1 at ¶¶ 82-89.)

Plaintiff, through counsel Patrick Broom, Adam Pelz, and Stephen Weeks, filed the instant action in state court on December 16, 2016. (Doc. 1-3.) The case was removed to this Court on January 18, 2017. (Doc. 1.) On June 1, 2017, the Court granted the request of Plaintiff's counsel Broom and Pelz to withdraw. (Doc. 16.) Plaintiff continued to be represented by Stephen Weeks. (*Id.*)

On June 14, 2017, the Court held a Rule 16 Scheduling Conference and Mr. Weeks appeared on behalf of Plaintiff. (Doc. 19.) Among the deadlines set at the scheduling conference, was the deadline of July 7, 2017 for filing a motion to amend the complaint. (Doc. 20.)

One week following the scheduling conference, Plaintiff's counsel Weeks moved to withdraw, and the Court granted the motion on June 30, 2017. (Docs. 22, 26.) On July 5, 2017, the Court entered an order directing the Clerk of Court to send Plaintiff a copy of the scheduling order, and the Court advised Plaintiff that "that the dates set out in the Scheduling Order remain in full force and effect." (Doc. 27 at 1.)

On November 15, 2017, Plaintiff filed a Motion for Order Modifying Case Schedule to extend deadlines,[2] and she also requested that the Court grant Michael Moore leave to appear as trial counsel. (Doc. 31.) On December 8, 2017, the Court extended the deadlines as requested by Plaintiff and on December 12, 2017, Mr. Moore entered his appearance. (Docs. 35, 36.)

**II.    Plaintiff's Motion for Leave to File a First Amended Complaint**

On February 1, 2018, Plaintiff, through counsel Moore, filed the instant Motion

---

[1] Plaintiff has also filed a pending state court action against Defendant Kahn. (Doc. 17 at 6; Doc. 62 at 1-2.)

[2] With her Motion for Order Modifying Case Schedule Plaintiff did not seek an extension of the already-expired deadline for filing an amended complaint.

for Leave to File a First Amended Complaint pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure. (Doc. 51.) With the proposed amendment, Plaintiff seeks to: (1) eliminate her claim against Defendant Kahn; and (2) allege a new count against Defendant Campas asserting violation of Plaintiff's right of familial association under the First and Fourteenth Amendments to the United States Constitution. (Doc. 51 at 1; *see also* Doc. 51-1 at ¶¶ 97-100.) Defendant Campas opposes Plaintiff's Motion to the extent that Plaintiff seeks to add a claim against her. (Doc. 58.)

Ordinarily, whether to allow amendment of the complaint is governed by Rule 15(a)(2), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend under Rule 15, the court should consider whether: (1) there has been undue delay, bad faith, or dilatory motive on the part of the moving party; (2) there have been repeated failures to cure deficiencies by previous amendments; (3) there has been undue prejudice to the opposing party by virtue of the allowance of the amendment; and (4) amendment would be futile. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

However, where, as here, the motion for leave to amend the complaint is filed after expiration of the deadline set in the Rule 16 scheduling order for seeking leave to amend, Plaintiff's ability to amend her complaint is governed by Rule 16(b)'s "good cause standard", and not Rule 15(a). *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608, 609 (9th Cir. 1992). *See also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Thus, "[u]nlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson,* 975 F.2d at 609. "The focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* The Ninth Circuit has observed that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (*Id.*

(citation omitted). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Id.* at 607 (internal quotation marks and citation omitted).

Plaintiff stresses that she was diligent in obtaining new counsel after her previous counsel withdrew and that her new counsel "has been diligent in digging into the unorganized and rather disjointed file"[3] and communicating with defense counsel. (Doc. 51 at 3.) "[A]s soon as it became clear to . . . [Plaintiff's current counsel] that the original trial counsel had pleaded facts supporting the familial association claim, but apparently overlooked specifically identifying that claim, the Motion was filed." (*Id.* at 4.)

To show Plaintiff's lack of diligence, Defendant Campas asserts that Plaintiff knew earlier about the claim she seeks to add now. Defendant Campas cites statements from Plaintiff's previous counsel in May 2017 that Plaintiff's "claim was for the alleged illegal search and seizure and [she] was not seeking a separate claim for the loss of the children. . . . Instead, she [through previous counsel] explained that the loss of her children would go to her damages." (Doc. 58 at 6 (citing Doc. 58, Exs. A-1, A-2).) Defendant Campas also claims she will be prejudiced by the late addition of the claim.

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson,* 975 F.2d at 609 (citation omitted). The exhibits cited by Defendant Campas indicate her awareness of a potential claim for lack of justification for the removal. Defendant Campas does not assert that she altered her defense because the claim had not been alleged. Moreover, as Plaintiff points out, the statements made by previous counsel did not constitute a formal stipulation entered among the parties in this matter. (Doc. 60 at 1-2.)

Plaintiff was without representation prior to and on the date of expiration of the

---

[3] In a prior declaration, Plaintiff's current counsel stated that Plaintiff's file that initially came to him was "incomplete and disorganized[]" and when he contacted Plaintiff's prior counsel for more complete information, he was informed that prior counsel had no other materials. (Doc. 32 at ¶6.)

- 4 -

deadline to file an amended complaint. Within two months of entering an appearance, and several months before expiration of the discovery deadline[4], Plaintiff's current counsel identified a theory he believed was overlooked by Plaintiff's previous counsel and filed the instant motion seeking leave to amend the complaint. On the instant circumstances, the Court finds that Plaintiff has demonstrated good cause for modifying the scheduling order.[5] Moreover, the Court finds that the factors for consideration under Rule 15(a)(2) permitting amendment of the complaint are satisfied. Accordingly, Plaintiff's Motion for Leave to File a First Amended Complaint is granted. Plaintiff shall have fourteen days from the date that this order is filed to file and serve the First Amended Complaint.

**III. Plaintiff's Motion to Compel Discovery (Doc. 53) and Non-Party Arizona Department of Child Safety's Motion to Quash or Modify Subpoena (Doc. 57)**

Both motions primarily concern Plaintiff's attempt to obtain information redacted from Plaintiff's DCS file. The information was redacted pursuant to A.R.S. § 8-807, under which all records maintained by the DCS are designated as confidential. (Doc. 62 at 7.) While a person who is the subject of DCS records is entitled to access specific records about herself, A.R.S. § 8-807(E), she "may not waive the confidentiality of DCS information concerning any other person," A.R.S. § 8-807(Q). The statute sets forth a mechanism, including submitting documents to the state superior court for *in camera*

---

[4] When Plaintiff filed the instant motion seeking leave to amend the complaint, the discovery deadline fell on May 15, 2018. (Doc. 35.) The discovery deadline has since been extended to July 16, 2018. (Doc. 66.)

[5] As for Defendant Campas's contention that Plaintiff must also demonstrate excusable neglect under Rule 6(b)(1)(B), Fed. R. Civ. P., to merit a modification of the scheduling order, the *Johnson* court did not impose such a requirement and, therefore, this Court declines to do so as well. In any event, even if such a showing was required, the Court would find it satisfied here. *See Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S 380, 395 (1993)) ("'the determination [of excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, . . . the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'")

review, when a person seeking DCS information 'is not specifically authorized" to obtain that information. A.R.S. § 8-807(M). The redacted file, consisting of 1,032 pages, was produced during discovery in Plaintiff's state court case against Defendant Kahn. (Doc. 62 at 2.) The file, along with other disclosures made by the State, are subject to a June 27, 2016 protective order entered in the state proceeding. (Doc. 57, Ex. B.) Under the protective order, if the parties are unable to reach agreement about disclosures, the parties are to submit the disputed documents to the court for *in camera* inspection and order regarding appropriate disclosure. (Doc. 57, Ex. B at 2-3.)

After the instant action was removed to federal court, counsel for the parties (which included Plaintiff's prior counsel) agreed that "discovery, disclosures, and depositions form one case could be freely used in the other." (Doc. 62 at 2 (citing Doc. 17 at 6).) Plaintiff's current counsel was made aware of the agreement.[6] (*Id.* at 2.)

At the outset, the Court agrees that Plaintiff's counsel did not provide the required certification indicating that he attempted to meet and confer on the discovery issue prior to filing the Motion to Compel Discovery. (*See* Doc. 62 at 2-4.) Plaintiff also failed to fully comply with Local Rule 37.1(a) of the Local Rules of Practice of the District Court for the District of Arizona. However, Defendant also points out that even had Plaintiff properly complied with the Local Rule, Plaintiff's Motion to Compel is without merit because the redacted information Plaintiff seeks is irrelevant. While the Court does not condone Plaintiff's counsel's lack of full compliance with the rules, the Court will nonetheless address the instant motion. However, Plaintiff's counsel is advised that he must comply fully with the rules governing discovery motions in the event any other discovery disputes arise in this action.

In resolving a motion to compel discovery, the trial court has "[b]road discretion . . . to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and

---

[6] Following withdrawal of Plaintiff's previous counsel from the state case, Mr. Moore, Plaintiff's current counsel in this action, is now representing Plaintiff in the state litigation as well. (Doc. 57 at 2 n.1.)

- 6 -

substantial prejudice to the complaining litigant.'" *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002) (internal quotation marks and citation omitted).

In her Motion to Compel, Plaintiff asserts that the redacted information is necessary to assess Defendant Campas's position that she had probable cause to enter Plaintiff's home on the day Defendant Campas and the defendant officers discovered the marijuana plants. (Doc. 53.) Plaintiff seeks to identify persons who reported her to DCS and the facts Defendant Campas reviewed before going to Plaintiff's residence. (Doc. 53 at 7-8.) According to Plaintiff, given Defendant Campas's reliance on redacted information in responding to discovery requests, it was necessary for Plaintiff to file the instant Motion to Compel Discovery and to issue a subpoena on non-party DCS. (Doc. 64 at 2.)

Defendant Campas stresses her position "that she entered the Williams' home based on consent, not probable cause." (Doc. 62 at 6 (citing Doc. 62, Ex. B).) Thus, "[t]here is no probable-cause claim here. And whether a prior report was later unsubstantiated after an investigation is not the relevant issue here. There is simply no connection between Williams' request for unredacted information and the issue in this case against Campas. Any identities of the sources of the calls to the Hotline are irrelevant to Williams' claim that Campas entered her home unlawfully[]" given that Defendant Campas claims to have entered Plaintiff's home "with consent." (*Id.* at 8.) The Court agrees with Defendant Campas. At this point, Plaintiff's Motion to Compel seeks irrelevant information and will be denied subject to reconsideration should Defendant Campas seek to rely on the redacted information at issue here in presenting a defense.

Turning to the Motion to Quash or Modify Subpoena, Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure requires courts to modify or quash a subpoena that, among other things, imposes an undue burden or requires disclosure of privileged or other protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). A decision to quash a civil subpoena is reviewed for abuse of discretion. *Mattel,*

*Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003)

In responding to the Motion to Quash or Modify Subpoena, Plaintiff asserts that she seeks the information as "relevant to the reasonableness of [Defendant Campas's] actions under the Fourth Amendment." (Doc. 59 at 5.) However, Defendant Campas is not relying on probable cause to justify her actions at issue. Nor has Plaintiff suggested the relevancy of the information to Defendant Campas's defense that she obtained consent to enter Plaintiff's home.

"'[A] subpoena seeking completely irrelevant information might be quashed as unduly burdensome[.]'" *Cheatwood v. Christian Bros. Servs.*, No. 2:16-CV-2946-HRH, 2018 WL 287389, at *2 (D. Ariz. Jan. 4, 2018) (quoting *Miller v. York Risk Services Group*, No. 2:13–cv–1419 JWS, 2014 WL 4230783, at *1 (D. Ariz. Aug. 27, 2014)); *see also R. Prasad Indus. v. Flat Irons Envtl. Sols. Corp.*, No. CV-12-08261-PCT-JAT, 2014 WL 2804276, at *2 (D. Ariz. June 20, 2014), (quoting *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003), ("in considering a motion to quash a subpoena duces tecum, the court must also consider whether the subpoena 'is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b)'")). Moreover, the District Court for the District of Arizona has also observed that "[t]he standards for nonparty discovery . . . require a stronger showing of relevance than for simple party discovery." *R. Prasad Indus.*, 2014 WL 2804276, at *2. Under the instant circumstances, to the extent that Plaintiff seeks the unredacted, 1,032-page file from non-party DCS, the request will be quashed as unduly burdensome given Plaintiff's failure to demonstrate that the information is relevant.[7]

DCS indicates that in addition to Plaintiff's 1,032-page case file, it may possess undisclosed e-mails related to Plaintiff. (Doc. 57 at 6.) Counsel for Defendant Campas has been informed about the e-mails and is gathering them for disclosure. (*Id.*) "[B]ecause . . . [Plaintiff's] subpoena was unlimited in timeframe and therefore unduly burdensome in that respect, DCS requests that the subpoena be modified to require

---

[7] Because the subpoena will be quashed as unduly burdensome, the Court need not address the parties arguments that disclosure is prohibited in light of A.R.S. §8-807.

- 8 -

production of only those e-mails pertaining to the relevant time-frame for this case—from the date of the incident at issue in this case to the present (December 22, 2014 to February 14, 2018)." (*Id.*) DCS also requests 120 days to produce the e-mails and that the Court allow counsel representing Defendant Campas to make the disclosure. (*Id.*)

Although Plaintiff requests e-mails prior to December 22, 2014 and objects to a 120-day deadline for the disclosure, she does not object to permitting Defendant Campas's counsel to make the disclosure. (Doc. 59 at 4-5.) The Court will permit counsel for Defendant Campas to disclose the e-mails dating from December 22, 2014 to February 15, 2018. The disclosure must be made no later than July 10, 2018.

For the foregoing reasons, IT IS ORDERED that:

(1) Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 51) is GRANTED;

(2) Plaintiff shall have fourteen (14) days from the date that this order is filed to file and serve the First Amended Complaint;

(3) Plaintiff's Motion to Compel Discovery (Doc. 53) is DENIED;

(4) Non-Party Arizona Department of Child Safety's Motion to Quash or Modify Subpoena (Doc. 57) is GRANTED IN PART and DENIED IN PART. The Motion is granted to the extent that counsel for Defendant Campas shall have until **July 10, 2018** to disclose e-mails in DCS's possession related to Plaintiff from December 22, 2014 through February 14, 2018. The motion is denied on all other issues.

Dated this 15th day of May, 2018.

_____
Bernardo P. Velasco
United States Magistrate Judge