**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Williams, | No. CV-17-00029-TUC-EJM |
| Plaintiff, | **ORDER** |
| v. | |
| Levi Khan, et al., | |
| Defendants. | |

Pending before the Court is Defendant Campas' Motion to Stay the Deadline to File a Joint Proposed Pretrial Order. (Doc. 141). Defendants Rosebeck and Davis joined in the motion, while Plaintiff opposed. For the following reasons the Court will grant the Defendants' motion to stay and not bifurcate any claims.

**I.  Background**

This case was removed from Pima County Superior Court to the Federal District Court for the District of Arizona on January 18, 2017. (Doc. 1). After discovery, Plaintiff filed two motions for Partial Summary Judgment: one against Defendant Erika Campas (Doc. 100) and another against Defendants Rosebeck and Davis. (Doc. 101). Defendant Campas also filed a Partial Cross-Motion for Summary Judgment regarding the issue of qualified immunity. (Doc. 106). This Court denied all three motions for summary judgment on March 26, 2019. (Doc. 140). Defendant Campas subsequently provided notice to the Court on April 23, 2019 of her interlocutory appeal to the Ninth Circuit Court of Appeals regarding the denial of her cross-motion for summary judgment. (Doc. 142). Because of

1     that appeal, Defendant Campas filed a Motion to Stay the Deadline to File a Joint Proposed Pretrial Order (Doc. 141), which Defendants Davis and Rosebeck joined. (Doc. 144). Plaintiff filed her Response to the Motion to Stay on May 3, 2019, arguing that no stay was necessary as to the claims against Defendants Davis and Rosebeck and that the Court could bifurcate the claims against Defendant Campas and proceed to trial. (Doc. 147). Both Defendants Davis and Rosebeck and Defendant Campas filed Replies on May 10, 2019 (Doc. 149; Doc. 150).

## II.    Law

In this jurisdiction, the filing of an interlocutory appeal regarding qualified immunity automatically divests a district court of jurisdiction to proceed with trial, unless the district court finds the claim frivolous or that it has been waived. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). However, in situations involving interlocutory appeals, the district court "retains jurisdiction to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 397 F.3d 1178, 1183 n.5 (9th Cir. 2002). Even though the district court retains jurisdiction on matters not subject of the appeal, it may decide, at the district court judge's discretion, to grant a stay of proceedings after the filing of an interlocutory appeal. *See* 28 U.S.C. § 1292(b)(2018) ("application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order").

A district court "possesses the inherent power to control its docket and promote efficient use of judicial resources." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) and *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). However, "case management standing alone is not necessarily a sufficient ground to stay proceedings." *Id.* "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citations and internal quotations omitted).

The Supreme Court in *Nken v. Holder* reiterated the traditional factors in determining whether to grant a motion to stay: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Id.* at 434 (quoting *Hilton v. Braunskll*, 481 U.S. 770, 776 (1987)). In analyzing these factors, the first two are the most critical. *Id.* However, each case must be decided upon its own particular circumstances, *Virginian R. Co. v. United States*, 272 U.S. 658, 672–73 (1926), and the burden is on the party requesting the stay to show that these particular circumstances justify a stay. *Nken*, 556 U.S. at 433–34 (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997) and *Landis*, 299 U.S. at 255).

Regarding whether the applicant has made a strong showing of the likelihood of success of the appeal, it is "not enough that the chance of success on the merits be better than negligible." *Id.* at 434 (citation and internal quotation marks omitted). But this does not mean that an applicant need show that success is "more likely than not." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). Instead, the applicant has to show that there is a "substantial case for relief on the merits." *Id.*[1] This has to be the standard because to require a greater showing would make the Court "attempt[] to predict with accuracy the resolution of often-thorny legal issues without adequate briefing and argument." *Id.* at 967. Concerning the other critical factor, irreparable harm to the applicant, more than a mere possibility of harm is required. *Nken*, 556 U.S. at 434. However, in many ways it is "easier to anticipate what would happen as a practical matter following the denial of a stay" than it is to determine the likelihood of success. *Leiva-Perez*, 640 F.3d at 968.

A federal court may bifurcate claims and order a separate trial "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). However, a court

---

[1] The Ninth Circuit in *Leiva-Perez* also stated that many of the previously articulated ways to define the minimum showing of success necessary ("reasonable probability," "fair prospect," "substantial case on the merits," "serious legal questions are raised") were interchangeable, and regardless of how one articulates the standard a strong showing means that a petitioner must demonstrate that there is a "substantial case for relief on the merits." *Id.* at 967–68.

may order a separate trial only for *separate* issues, *id.*, and its decision on whether to do so is within the court's sound discretion. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

**III. Analysis**

The filing of Defendant Campas' appeal as to her qualified immunity claim automatically divests this Court of jurisdiction to proceed to trial on any of Plaintiff's claims against Defendant Campas. The qualified immunity claim was not deemed "frivolous" when this Court denied Defendant Campas' motion for summary judgment nor was it waived. Therefore, this Court may not proceed to trial on the claims against Defendant Campas until the resolution of the appeal. While it is true that the Court *could* proceed with aspects of the case unrelated to the appeal, Defendant Campas' involvement in codefendants Davis and Rosebeck's case leads this Court to determine that a stay is warranted as to *all* Defendants given the four factors outlined in *Nken*. To decide otherwise and bifurcate the claims, as suggested by Plaintiff, would lead to the same issues being tried twice.[2] This concern also informs the Court's decision to grant the motion to stay as to all Defendants.

**A. Strong Showing of Likelihood of Success on the Merits**

This first factor is neutral. The standard Defendants must meet to satisfy this factor is that there is a "substantial case for relief based on the merits," but they need not show that success is more likely than not. *See Leiva-Perez*, 640 F.3d at 968. The Court stands by its ruling that Defendant Campas is not entitled to summary judgment on her claim for qualified immunity. However, the Court also did not deem the claim to be frivolous. The Court determined that there were genuine issues of material fact that precluded it from deciding whether warrantless removal of the children was reasonable as a matter of law. (Doc. 140 at 9:28-10:1). Defendant Campas has claimed that this Court failed to consider more of the undisputed facts that would have justified warrantless removal (i.e.

---

[2] The Fourth Amendment violation claimed in Count I of Plaintiff's First Amended Complaint is alleged against all three defendants and concerns the same entry into Plaintiff's home. (Doc. 84 at 6 ¶¶ 44-46, 51). The claim in Count II also arises out of that same allegedly unconstitutional entry. (*Id.* at 7 ¶ 55).

unaccompanied children after arrest of a parent). (Doc. 150 at 2:13-17). Given this claim, the Court cannot say that Defendant Campas has merely shown a greater than negligible likelihood of success on appeal. Nor can the Court say that Defendant Campas has provided enough information that would make success more likely than not. Here, the showing lies somewhere in the middle, which leads the Court to determine that this factor does not weigh in favor of or against granting the motion to stay.

### B. Irreparable Injury to Applicants Absent a Stay

The second critical factor weighs in favor of a grant of the motion to stay because the trial testimony in this case cannot be readily divided between testimony relating solely to the claims against Defendant Campas and testimony relating solely to the claims against Defendants Davis and Rosebeck. In Plaintiff's Response, she relies heavily on a nonbinding 2010 district court case from Hawaii, *Castro v. Melchor*, 760 F.Supp.2d 970 (D. Hawaii 2010), as being instructive to this Court. That case also concerned an interlocutory appeal by one defendant of a denial of summary judgment as to her claim of qualified immunity. *Id.* Despite Plaintiff's contentions otherwise, *Castro* actually persuades this Court to find in favor of a stay in the instant case.

As Plaintiff acknowledges, the court in *Castro* decided that the irreparable harm factor *favored* a grant of the motion to stay. *Id.* at 1004. This decision was primarily due to the fact that trial testimony could not be "readily divided between testimony relating solely to the claims against Defendant Bauman and testimony relating solely to the claims against the Remaining Defendants." *Id.* Given the concern that qualified immunity is immunity from suit, and that it is "'effectively lost if a case is erroneously permitted to go to trial,'" the court worried about the conflict that would occur if the appealing defendant was required to give testimony regarding the claims against the other defendants, even though the court could not allow that testimony to "become the effective equivalent of a trial of the claims against" the appealing defendant. *Id.* Thus, the *Castro* court determined that there would be irreparable harm to the remaining defendants' defense if they could not use defendant Bauman's testimony to help establish the reasonableness of their actions. *Id.*

Additionally, if the Court did permit the testimony, defendant Bauman may have been forced to address the evidence and thus violate the stay of the claims against her and possibly jeopardize her immunity if the appeal was granted. *Id.*

Here, such irreparable harm also exists. For example, if Defendants Davis and Rosebeck are not allowed to present testimony by Defendant Campas regarding the entry into Plaintiff's home, that denial could irreparably harm their defense by having a key witness (and codefendant on the same claim) unable to speak to the reasonableness of the search. Additionally, if the Court was to allow such testimony, Defendant Campas would seemingly have to address evidence regarding the claims against her, thus violating any stay and possibly jeopardizing the appealed claim to qualified immunity. The Court finds Plaintiff's assertion that Defendants Davis and Rosebeck could "*be tried without any testimony from Campas at all*" unpersuasive.[3] (Doc. 147 at 7:21) (emphasis in original). All three defendants are being tried as to the illegal search and therefore testimony by any of the three seems pivotal as to establishing the reasonableness of such a search. Irreparable harm is not just "merely possible" in this case, but rather quite likely. Therefore, the second key factor weighs in favor of staying the proceedings.

### C. Substantial Injury to Other Parties if Stay Issued

This factor does somewhat weigh in favor of denying the motion to stay. Plaintiff claims that she will suffer substantial injury if the claims against Defendants Davis and Rosebeck are not permitted to go forward to trial. Notably, Plaintiff reminds the Court that appeals to the Ninth Circuit take some time to conclude and that this will prolong Plaintiff's long-awaited trial in this case. (*Id.* at 9:4-7). However, while the Court certainly understands Plaintiff's frustrations at the further delay of trial, Plaintiff would still be in the position of not coming to a final resolution of all of her claims regardless of whether the Court stays proceedings as to Defendants Davis and Rosebeck. As noted above, this Court is, by law, stripped of its jurisdiction as to claims against Defendant Campas. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Plaintiff not only has her claim as

---

[3] Although they *could* do so does not mean that they would not be irreparably harmed if they are *prevented* from presenting Defendant Campas' testimony.

to Count II of her First Amended Complaint against Defendant Campas still outstanding, but importantly her claim as to Count I on the illegal search and seizure also may not proceed until resolution of the interlocutory appeal. Therefore, Plaintiff would still need to try the same issue before this Court a second time and incur even more costs in pursuing her claims. As to Plaintiff's fear that witnesses may be unavailable should this case not immediately proceed to trial, Defendant Campas' Reply is telling. Discovery is closed, video depositions have been taken, and no other motions remain outstanding before this Court. Plaintiff will suffer some prejudice should someone become unavailable to testify at trial as a result of this delay, but the possibility of that occurring is largely speculative. Overall, Plaintiff would suffer some harm if a stay is granted. Therefore, this factor weighs slightly in favor of a denial of the motion to stay.

### D. Public Interest

This final factor is neutral in this case. There is always a public interest in "just, speedy, and inexpensive" judicial proceedings. *See* Fed. R. Civ. P. 1. Here, that interest cannot be totally fulfilled regardless of what the Court decides. While a grant of the motion will further delay the ultimate resolution of the case, a denial would ultimately lead to two trials on the same issue. This would be even more expensive and less efficient. Given these competing public interests, this final factor does not weigh in favor of or against a grant of the motion.

### IV. Conclusion

After having considered all four of the *Nken* factors, on balance the Court finds that they weigh in favor of granting the motion to stay. Although this decision will result in further delay to the ultimate resolution of Plaintiff's claims, the risk of harm to Defendants is too great to justify continuing to trial solely on the claims against Defendants Davis and Rosebeck. Therefore, a stay is necessary to ensure a full and fair trial of all claims. Accordingly,

**IT IS HEREBY ORDERED** granting Defendants' motion to stay. (Doc. 141). This matter is **STAYED** pending a decision by the Ninth Circuit Court of Appeals as to

Defendant Campas' interlocutory appeal of the denial of her motion for summary judgment.

Dated this 20th day of June, 2019.

_____
Eric J. Markovich
United States Magistrate Judge