**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Elizabeth Williams,<br><br>    Plaintiff,<br><br>v.<br><br>Levi Khan, et al.,<br><br>    Defendants. | No. CV-17-00029-TUC-EJM<br><br>**ORDER** |

Pending before the Court is Plaintiff and Defendant Campas's Joint Conditional Motion for Voluntary Dismissal of Family Separation Claim. (Doc. 152). The parties ask this Court to issue an order, pursuant to Federal Rule of Civil Procedure 62.1, indicating that the Court would dismiss Plaintiff's family separation claim (Count Two of the First Amended Complaint (Doc. 84))[1] and vacate the portions of this Court's March 26, 2019 Order (Doc. 142) addressing that claim, if the United States Court of Appeals for the Ninth Circuit remanded Defendant Campas's currently pending interlocutory appeal back to this Court. Because both of the interested parties jointly move for voluntary dismissal of Count Two, and in the interests of justice and judicial economy, the Court will grant the request for an indicative ruling.

**I.    Background**

This case was removed from Pima County Superior Court to the Federal District Court for the District of Arizona on January 18, 2017. (Doc. 1). After discovery, Plaintiff

---

[1] This claim is only alleged against Defendant Campas and does not name Defendants Rosebeck and Davis.

filed two motions for Partial Summary Judgment: one against Defendant Erika Campas (Doc. 100) and another against Defendants Rosebeck and Davis. (Doc. 101). Defendant Campas also filed a Partial Cross-Motion for Summary Judgment regarding the issue of qualified immunity. (Doc. 106). This Court denied all three motions for summary judgment on March 26, 2019. (Doc. 140).

Defendant Campas subsequently provided notice to the Court on April 23, 2019 of her interlocutory appeal to the Ninth Circuit Court of Appeals regarding the denial of her cross-motion for summary judgment. (Doc. 142). Because of that appeal, Defendant Campas filed a Motion to Stay the Deadline to File a Joint Proposed Pretrial Order (Doc. 141), which Defendants Davis and Rosebeck joined. (Doc. 144). On June 21, 2019 this Court granted the motion to stay, finding that the filing of Defendant Campas's appeal as to her qualified immunity claim automatically divested this Court of jurisdiction to proceed to trial on any of Plaintiff's claims against Defendant Campas. (Doc. 151). The Court further found that a stay as to all claims and all defendants was warranted because bifurcation would go against the interests of fairness and judicial economy.

Plaintiff and Defendant Campas now jointly move for voluntary dismissal of the family separation claim (Count Two) pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 152). However, Defendant Campas's joinder in this motion is contingent upon the Court vacating portions of its March 25, 2019 Order regarding Count Two. *Id.*

**II.  Law**

The filing of an interlocutory appeal regarding qualified immunity automatically divests a district court of jurisdiction to proceed with trial absent certain findings. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). However, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state . . . that it would grant the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a)(3). If the district court states that it would grant the motion, then the movant "must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1." Fed. R. Civ. P. 62.1(b). The circuit

court of appeals may, in its discretion, then remand the case for further proceedings and either retain jurisdiction or dismiss the appeal. Fed. R. App. P. 12.1(b).

A motion made under Federal Rule of Civil Procedure 41(a)(2) allows an action to be dismissed by court order on terms the court considers proper. Additionally, a court may vacate a previously issued order if there is a reason that justifies that relief. Fed. R. Civ. P. 60(b)(6). This provision in the federal rules gives courts broad authority to vacate judgments whenever such action is appropriate to accomplish justice. *See United States v. Sparks*, 685 F.2d 1128 (9th Cir. 1982); *Shoshone-Bannock Tribes of Fort Hall Reservation v. Leavitt*, 408 F.Supp.2d 1073 (D. Or. 2005); *Hawaii Cnty. Green Party v. Clinton*, 124 F.Supp.2d 1173 (D. Hawaii 2000).

### III. Discussion

Here, this Court no longer retains jurisdiction to issue an order granting the Joint Conditional Motion for Voluntary Dismissal of Family Separation Claim due to Defendant Campas's interlocutory appeal. However, as explained above, the Court may issue an indicative ruling under Federal Rule of Civil Procedure 62.1 indicating that it would grant the motion if the Court of Appeals for the Ninth Circuit remanded the matter back to this Court.

Given that both parties jointly move to voluntarily dismiss Count Two of the First Amended Complaint, this Court would grant that motion. Further, in the interests of justice and judicial economy, the Court would also vacate the portion of its March 26, 2019 Order addressing Count Two of the First Amended Complaint. By vacating that portion of the Order, all of Plaintiff's claims under Count Two would then be resolved and her remaining claims could proceed to trial. Further, if the Court of Appeals remands the matter back to this Court, the stay issued by this Court will be lifted and this case can be set for trial on all of Plaintiff's claims against all Defendants.

### IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the parties' request for an indicative ruling is **GRANTED**. The Court shall vacate the portions of its March 26, 2019 Order

addressing Count Two of the First Amended Complaint and grant the parties' motion for voluntary dismissal of that claim, if the United States Court of Appeals for the Ninth Circuit remands the currently pending appeal from the March 26, 2019 Order back to this Court.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 62.1(b), the parties shall promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 of the Court's decision.

Dated this 16th day of July, 2019.

Eric J. Markovich
United States Magistrate Judge